IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| JEREMY J. EMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 240056R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| JEREMY J. EMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 240520R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed Defendant's Conference Decision Letter and Notice of Assessment, dated December 19, 2023, for the 2019 tax year. While the appeal was pending, Plaintiff appealed Defendant's Notice of Assessment, dated May 21, 2024, for the 2020 tax year; and Defendant's Notice of Assessment, dated May 30, 2024, for the 2021 tax year. The cases were consolidated for trial,[1] held on November 18, 2024, in the courtroom of the Oregon Tax Court. Plaintiff appeared and testified on his own behalf. Jasmine Yuen, auditor, appeared and testified on behalf of Defendant. Plaintiff's exhibits PE 1 to PE 1852 and Defendant's exhibits A to X were received into evidence.[2]

_____

[1] The scheduling order of August 27, 2024, administratively consolidated case TC-MD 240056R for the purpose of trial.

[2] The exhibits use different naming conventions because Plaintiff submitted exhibits that were unnumbered

## I. STATEMENT OF FACTS

Plaintiff began working as a rideshare driver in January 2018 for companies including Uber, Lyft, DoorDash, and Uber Eats. Uber and Lyft provided Plaintiff with periodic reports reflecting income and "booked mileage" which are those logged while actively transporting a passenger. These reports excluded mileage incurred driving to pickups, between fares, or while waiting for ride requests. DoorDash and Uber Eats supplied income data only.

Plaintiff reported the following vehicle-related expenses on his tax returns:

| Tax Year | Amount Claimed | Exhibit |
|---|---|---|
| 2019 | $23,544 | Def's Ex A 13, A 15 |
| 2020 | $21,158 | Def's Ex B 16, B 18 |
| 2021 | $9,930 | Def's Ex C 20, C 23 |

Defendant's audit disallowed a portion of those expenses, limiting deductible mileage to the "booked mileage" figures reported by the rideshare companies. (Def's Ex D 3, E 2, and F 2.) In its Conference Decision Letter, Defendant concluded that Plaintiff failed to substantiate mileage beyond the "booked mileage." (Def's Ex G 1.)

Plaintiff submitted as trial exhibits a large number of documents with thousands of data points in the form of GPS coordinates, showing what he contends prove his travel miles.[3] Lyft provided the raw data in the form of GPS coordinates. Plaintiff put those coordinates on a spreadsheet and used the "Haversine method" to convert these to mileage. This method uses

---

and unbound. The court used the Case Center program to organize and automatically number them so they would be useful at trial.

[3] Plaintiff waited to present mileage records to Defendant, beyond his rideshare statements, until the exhibit exchange deadline. This occurred despite the court's order that Plaintiff was required to send Defendant his documents related to their discovery request by October 18, 2024. (See Scheduling Order, dated August 27, 2024.)

distances between two points on a sphere (the earth) to calculate a straight-line distance. As of the trial date, Plaintiff was not finished with his work attempting to recreate his travel miles for all of the tax years in issue. For the 2019 tax year, Plaintiff offered data from Lyft to prove his mileage for that program. (Ptf's Ex PE 497 to 551.)

The court tested Plaintiff's GPS date by using two samples: Plaintiff provided a Lyft weekly summary for the period January 7, 2019, to January 13, 2019, documenting 208.47 miles. (Def's Ex M 117.) He also provided a spreadsheet to show variances between the miles he claimed, and the monthly reports were not significant at only -0.3 miles. (Def's Ex M 2.) Lastly, Plaintiff offered a document titled Lyft Driver Data with GPS coordinates. (See Ptf's Ex PE 497 to PE 503.) For the period January 7, 2019, to January 13, 2019, this portion of the report documents 335 miles. (Ptf's Ex PE 498.)

The second sample, Plaintiff's Lyft weekly summary for the period December 9, 2019, to December 15, 2019, documents 352.23 miles. (Def's Ex M 167) His spreadsheet shows variances between the miles he claimed, and the monthly reports were -0.3 miles. (Def's Ex M 2). Plaintiff's Lyft Driver Data for the period December 9, 2019, to December 15, 2019, documents 228.1 miles. (Ptf's Ex PE 552 to PE 553.)

Yuen, a tax auditor with Defendant for approximately three years, examined Plaintiff's GPS data. She stated that Plaintiff did not provide most of the documents in this case until after hours on the last day to exchange exhibits, despite the court's discovery order. However, she testified that she did the best she could to work through the documents and make any appropriate adjustments. She stated that the "online miles" reported by the rideshare companies represent all miles while the programs are running, and not just when there is a paid fare in the car. She stated that, after some sampling of the GPS coordinates provided by Plaintiff, Defendant agreed with

the total figures on Plaintiff's exhibit PE 1843 of 28,951 miles for 2019, which is more than the miles that were allowed during the audit. That number, with the standard mileage rate for 2019 of $0.58 per mile, yields a deduction of $16,792. For 2020, Defendant agreed to 9,860 miles which equates to $5,566 in travel expense. For 2021, Defendant agreed to 16,742 miles which equates to $9,227 in travel expense.[4]

Defendant performed a bank deposit analysis where it took all of Plaintiff's deposits, removed transfers and known deposits, then sent the document to Plaintiff to provide explanations for unidentified deposits. (Def's Ex Q.) Plaintiff presented a check in the amount of $149 deposited on December 23, 2019, which he testified was a rebate. (Ptf's Ex PE 8.) At trial, Defendant conceded to reduce the unidentified deposits in 2019 by removing nominal deposits of $10, $40, $0.91, by reducing $600 in transfers from a Key Bank account to $200, and by accepting Plaintiff's $149 check. (Def's Ex Q at 3.) Those adjustments were re-classified as non-income. The total adjustment from the conference decision reduces unreported income by $399.91 in 2019, and by $27,600.77 in 2020. No concessions were made with respect to the 2021 tax year.

## II. ANALYSIS

The main issue is this case is whether Plaintiff's recreated mileage data satisfies the heightened substantiation requirements of Internal Revenue Code (IRC) section 274(d). A secondary issue is whether Plaintiff provided sufficient substantiation to overcome Defendant's bank deposit analysis that identified several deposits that, if unrebutted, constitute additional income.

---

[4] Defendant's explanation for the concessions was unclear, however, since they are in Plaintiff's favor, the court will accept them.

IRC provisions apply to this state tax matter because Oregon defines taxable income by reference to the federal tax code, subject to certain modifications not pertinent here. *See* ORS 316.022(6); 316.048.[5] Because Plaintiff seeks affirmative relief, he bears the burden of proof by a preponderance of the evidence. *See* ORS 305.427.

A.      *Substantiation Requirement For Rideshare Drivers*

Under IRC section 162(a), ordinary and necessary business expenses are deductible from gross receipts. However, IRC section 274(d) imposes additional substantiation requirements for "listed property," which includes automobiles, unless the vehicle is used "substantially all" for transporting passengers or property for compensation. IRC § 280F(d)(4)(B). Congress specifically imposed these rules to prevent courts from approximating expenses where taxpayers kept insufficient records. Compare, *Cohan v. Comm'r*, 39 F2d 540, 543–44 (2d Cir. 1930) (holding that where evidence shows some expenses were incurred, but not how much, the court should approximate because "allow[ing] nothing at all appears to us inconsistent with saying that something was spent") with Treas Reg § 1.274-5T(a)(4) (stating section 274(d) limitation on deduction "supersedes the doctrine found in *Cohan v. Commissioner*").

The regulations require that taxpayers document the mileage, date, and business purpose for each vehicle use. This can be done either through contemporaneous logs or through sufficient evidence including corroborating testimony. *See, e.g.* Treas Reg § 1.274-5T(c)(2)(i) and 5T(c)(3)(i). Courts have consistently held that rideshare drivers must meet these requirements unless they can prove nearly exclusive business use. *Nurumbi v. Comm'r*, 121 T.C.M. (CCH) 1582 (2021) (holding Uber driver had not shown substantially all of his vehicles' use was for business); *Okon v. Dept. of Rev.*, TC-MD 220022G, 2023 WL 2495607 (Or Tax M

---

[5] References to the Oregon Revised Statutes (ORS) are to 2019.

Div, Mar 14, 2023)(finding that taxpayer's vehicle was used for both personal and rideshare driving, making IRC section 274(d) applicable). Thus, Plaintiff must do more than show that business expenses were incurred; he must substantiate the date and mileage for each business use of the car(s). See Treas Reg § 1.274-5T(b)(6).

Plaintiff contends that he is entitled to deduct the full mileage he drove in connection with his rideshare business. This includes not only the miles logged while transporting paying passengers, which some rideshare companies track and report, but also the mileage accrued while driving between rides, waiting for ride requests, and traveling to pick up riders. He argues that these additional miles are a necessary part of this business and should therefore qualify as deductible business expenses.

In response to Plaintiff's position, Yuen testified that Defendant based its audit and conference determinations on the information reported by the rideshare companies, which only documented miles driven during actual paid rides. Because Plaintiff did not keep or maintain contemporaneous records, such as a mileage log, to substantiate the additional mileage claimed, Defendant disallowed a portion of the travel deduction. However, Defendant did consider Plaintiff's GPS data using their sampling methodology and made some concessions during trial as described in the fact section above.

Plaintiff attempted to recreate his mileage by submitting extensive GPS data adjusted by his calculation method. While commendable in scope, the data is incomplete and unreliable. The court examined, as samples, the periods of January 7, 2019, through January 13, 2019, and December 9, 2019, through December 15, 2019. The numbers on three different sources for Plaintiff's Lyft miles are rife with inconsistencies.

/ / /

Accordingly, the court finds the data does not meet the "adequate records" requirement because they are unreliable.  *See* Treas Reg § 1.274-5T(c)(2)(i).

B.      *Public Policy Arguments*

Plaintiff alternatively argues that requiring drivers to maintain contemporaneous mileage logs is unsafe and burdensome for rideshare drivers, who may be forced to document data in potentially hazardous conditions (e.g. roadsides).  Plaintiff argues that Defendant's interpretation of IRS regulations represents an oversimplification of what is going on in the new rideshare world.  Plaintiff has tried to use third-party applications to track his mileage, but claims the data was too much or was inaccurate.  While these concerns raise important issues about the modern gig economy, Congress continues to expressly require substantiation of mileage in instances where vehicles are used for mixed purposes.  This court is bound to apply existing law, and changes to policy or statutory exemptions for rideshare drivers must come from legislative action, not judicial interpretation.

Plaintiff further argues that rideshare drivers are unfairly treated compared to taxicab operators.  However, the tax code deliberately distinguishes vehicles which are used "substantially all" for business.  Unlike cabs, rideshare vehicles are often used for both personal and business purposes.  Cab operators still have to provide substantiation supporting their deductions; however, the law permits a different standard for each, and this distinction is neither arbitrary nor unlawful.  See IRC §280F(d)(4)(B).

C.      *Bank Deposit Analysis*

Turning to the second issue of this case, the court takes up Plaintiff's challenge to Defendant's assertion of additional, unreported income found through its bank deposit analysis.  As an initial matter, "gross income" includes "all income from whatever source derived * * *."

IRC § 61(a). Taxing agencies may, in certain circumstances, use a bank deposit analysis to identify unreported income. This method is accepted as correct unless rebutted by the taxpayer with specific evidence showing that deposits stem from nontaxable sources. *DenHerder v. Dept. of Rev.*, TC-MD 210393R, 2023 WL 6303205 at *2 (Or Tax M Div, Sept 27, 2023); *Ottuso v. Comm'r*, TCM (RIA) 2024-091, 2024 WL 4298072 (2024) (finding that a reasonable reconstruction of income, such as a bank deposit analysis, while not conclusive as to the amount of income, is accepted as correct unless proven otherwise.)

Defendant removed known transfers and minimal deposits and accepted Plaintiff's explanation of a $149 rebate check. Plaintiff failed to offer timely, additional evidence to rebut the remaining bank deposit analysis findings. The court accepts Defendant's revised analysis, which reduces unreported income by $399.91 for the 2019 tax year, and $27,600.77 for the 2020 tax year. No adjustment was warranted for 2021.

### III.  CONCLUSION

Plaintiff failed to meet the substantiation requirements under IRC section 274(d) for vehicle mileage deductions. While the court acknowledges Plaintiff's sincere effort and thoughtful policy arguments, the legal standard requires more than the reconstructed records he provided. Although the court finds Plaintiff's efforts earnest and his concerns about policy implications are substantive, he did not present the type of credible, contemporaneous, or corroborated evidence required to support the claimed expenses. Defendant's concessions as to mileage and unreported income are accepted. The court sustains the remainder of Defendant's assessments. Now, therefore,

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's assessments for the 2019, 2020, and 2021 tax years are hereby modified, in part, consistent with the findings and concessions set forth above.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Magistrate Richard D. Davis and entered on June 2, 2025.*